UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CATRINA T., | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 1427 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catrina T. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision denying her application for benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

**Background**

Plaintiff applied for disability benefits on May 22, 2013, alleging a disability onset date of February 15, 2013. (R.147-48.) Her application was initially denied on September 9, 2013, and again on reconsideration on June 3, 2014. (R. 66-94.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on August 11, 2015. (R. 27-65.) On August 25, 2015, the ALJ issued a decision finding plaintiff not disabled. (R. 9-26.) The Appeals Council denied review (R. 1-6), and plaintiff appealed to this Court. (R. 1052-58.) The Court reversed the ALJ's decision and remanded the case for further proceedings. (R. 1063-74.)

On October 24, 2017, the ALJ held a second hearing. (R. 984-1027.) On December 6, 2017, the ALJ issued a decision finding that plaintiff was disabled from February 15, 2013 through November 30, 2014, but not thereafter. (R. 957-83.) Plaintiff again appealed to this

Court, which remanded to the case for further proceedings. (R. 1463-74.) An ALJ held another hearing on December 3, 2019. (R. 1358-1405.) On December 27, 2019, the ALJ issued a decision finding that plaintiff had been disabled since December 1, 2014. (R. 1330-49.) The Appeals Council did not assume jurisdiction, making the ALJ's decision is the final decision of the Commissioner, reviewable by this Court under 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any listed impairment; (4)

whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) whether she is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant can perform work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since December 1, 2014. (R. 1333.) At step two, the ALJ found that plaintiff has the severe impairments of "[n]on-ischemic cardiomyopathy; status-post defibrillator (AICD) placement; and morbid obesity." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (R. 970.) At step four, the ALJ found that plaintiff cannot perform her past relevant work but has the residual functional capacity ("RFC") to perform sedentary work with certain exceptions. (R. 1338, 1347) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 1348-49.)

Plaintiff contends that the ALJ improperly characterized medical opinion as argument of counsel when she said:

> I cannot adopt the argument of the claimant's representative, that the claimant was designated as a "functional class II" (10F/4; 13F/24; 19F3), subsequently offering the interpretation that the claimant would be excessively off-task to permit any work on a sustained basis. Such conclusion was not offered by any medical expert, nor is such supported by the medical evidence of record. Nor is the claimant's representative an expert witness qualified to offer such opinion.

(R. 1345) (citations omitted). The Court disagrees. Though not artfully phrased, the ALJ's statement was, as the record citations show, an acknowledgement that plaintiff's cardiologist

3

classified her heart condition as functional class II heart failure.[1] (R. 1345 (citing R. 894 (Dr. Ahmad stating in March 2015 that plaintiff "remains in functional class II"); R. 1263 (Dr. Ahmad stating the same in October 2016); R. 1956 (Dr. Ahmad stating the same in April 2017)).) The ALJ noted, however, that neither Dr. Ahmad nor any other physician had said that functional class II heart failure causes fatigue so severe that it precludes work or does so for plaintiff. Thus, the ALJ did not ignore Dr. Ahmad's classification of plaintiff's heart disease. Rather, she found the inference that plaintiff drew from that classification, *i.e.*, that plaintiff was too fatigued to be able to work, to be unsupported by any doctor's opinion.[2] Because Plaintiff does not identify any medical evidence that the ALJ overlooked, there is no basis for a remand.

## Conclusion

For the reasons set forth above, the Court affirms the Commissioner's decision, grants the Commissioner's motion for summary judgment [25], and terminates this case.

**SO ORDERED.**                    **ENTERED:  November 5, 2020**

**M. David Weisman**
**United States Magistrate Judge**

---

[1] "Doctors usually classify patients' heart failure according to the severity of their symptoms. . . . [T]he most commonly used classification system, the New York Heart Association (NYHA) Functional Classification . . . . places patients in one of four categories based on how much they are limited during physical activity." https://www.heart.org/en/health-topics/heart-failure/what-is-heart-failure/classes-of-heart-failure (last visited November 5, 2020). Class II entails a "[s]light limitation of physical activity. . . . Ordinary physical activity results in fatigue, palpitation, dyspnea (shortness of breath).". *Id.*

[2] Significantly, plaintiff does not direct us to any evidence in the record that supports her position that a doctor opined she was unable to work because of her heart condition.